### LAKEY v. CHADWICK, *Appellant.*

**Obligation Payable in Merchandise:** TENDER. A merchant having an established place of business executed a contract for the payment of money in one year after date, but containing a stipulation that it should be " payable in merchandise to be taken during the year." *Held,* that he was under no obligation to tender the merchandise. Readiness on his part at his place of business whenever called upon by the creditor, to perform the contract, prevented any default being attributed to him. It was the duty of the creditor to select and take at his place of business such articles as he desired.

*Appeal from Buchanan Circuit Court*—HON. JOS. P. GRUBB, Judge.

*E. O. Hill* for appellant.

1. As the obligation was payable in merchandise, to be taken during the year, plaintiff could not recover without a demand on defendant and a refusal to pay according to the terms of the obligation. *Labeaume v. Hill,* 1 Mo. 42; *Weil v. Tyler,* 38 Mo. 545.

2. Plaintiff could not recover without first demanding payment, because the obligation was not a promissory note. Story, Prom. Notes, (1st Ed.) p. 19, § 17, p. 20, § 18; Parson's Cont., (Ed. 1853,) p. 209.

3. Triable issues were presented by the pleadings, and, therefore, the action of the court in rendering judgment on the pleadings was an error. *Mechanics Bank v. Fowler,* 36 Mo. 33; *Loler v. Cool,* 37 Mo. 85.

*Doniphan & Reed* for respondent.

1.  No demand is necessary before bringing suit on a note payable in specific property, on or before a day therein specified. 2 Iowa 251; 7 Watts 380; 17 Vt. 105; 12 Ill. 68.

2.  When the year elapsed and the note was not discharged by payment in merchandise, then the absolute promise of the defendant to pay in money became actionable. 20 U. S. Dig. 798, § 500; *Nesbitt v. Pearson*, 33 Ala. 668; 6 Ind. 328; 2 Penn. 301.

3.  The general rule is that the person to be discharged from liability upon a contract by the performance of a certain act or condition, is bound to do the act or perform the condition which is to exonerate him. Chitty's Cont. 724 and note 726.

4.  It was defendant's duty, during the year, either to have paid the note in merchandise, or to have so tendered the goods as to have operated a discharge of the obligation; and to have been effectual as a plea, the answer should have set up a tender within that time, and should have contained a description of the property, and the articles should have been properly designated. 3 Clark (Iowa) 518; *Dumas v. Hardwick*, 19 Texas 238; *Slingerland v. Morse*, 8 Johns. 474; *Sheldon v. Skinner*, 4 Wend. 528, 525; *Lamb v. Lathrop*, 13 Wend. 95; 7 Conn. 110; 4 N. H. 46; 14 Vt. 457; 4 Barr. 169; *McJilton v. Smizer*, 18 Mo. 117; 3 Blackford 490.

SHERWOOD, C. J.—This suit was commenced in May, 1875, and the petition is as follows: Plaintiff states that on the first day of February, 1874, defendant, for a valuable consideration, executed and delivered to plaintiff his obligation in writing, of which the following is a copy:

ST. JOSEPH, Mo., Feb. 1st, 1874.
One year after date I promise to pay to Amos S.

Lakey, or order, the sum of Five Hundred Dollars, without defalcation, for value received, and with interest at ten per cent. per annum from date. Payable in merchandise to be taken during the year.

$500. W. L. CHADWICK.

Which said written obligation is herewith annexed, and herewith filed; that the year next ensuing after the date of said obligation has elapsed, and said defendant has not discharged the same by electing to pay said obligation in merchandise, except as to the amount of $277, paid March 26th, 1874; that there is now due plaintiff on said obligation the sum of $230.62, and interest thereon, from said March 26th, 1874, at the rate of ten per cent. per annum, for which sum and interest, with his costs herein, plaintiff asks judgment. The defendant filed answer as follows: Defendant, for answer to plaintiff's petition herein, denies that he did not elect to pay said obligation in merchandise except as to the amount of two hundred and seventy-seven dollars, but charges and avers that he did elect to pay the whole of said obligation in merchandise, before the expiration of the year mentioned in said obligation. And for a further answer and defense, defendant says that at the time of the making of said obligation, the defendant was residing in the city of St. Joseph, Missouri, and was carrying on the business of a merchant and auctioneer at his store or place of business, in said city, and that he has resided in said city and carried on the business aforesaid, in said city, ever since the execution of said obligation, all of which was well known to the plaintiff; that defendant, at all times since the date of said obligation, has had merchandise of different kinds at his said place of business, in the city aforesaid, greatly more than was necessary to pay off and discharge said obligation; that defendant set apart merchandise of different kinds at his said place of business for the plaintiff, and has kept the same and now has said merchandise ready for plaintiff, and has at all times had the same so set apart for plaintiff to take the same, but

the plaintiff has failed to take the same, except as stated in plaintiff's petition, and has failed to demand the same of defendant. Defendant hereby tenders said merchandise to plaintiff in full payment and discharge of said obligation; and having fully answered, prays to be discharged with his cost. The plaintiff successfully moved for judgment on the pleadings, on the ground that the answer contained no defense to the action. A motion to set aside this judgment was unsuccessful, hence this appeal.

The motion for judgment on the pleadings must be regarded as tantamount to a demurrer, and as confessing the truth of the answer's allegations. It thus appears that, at the time of making the contract sued on, and ever since down to rendition of judgment, defendant was in active business as a merchant in the city of St. Joseph, where the contract was made, and where, also, it was presumptively, to meet with performance; that, as was well known to plaintiff, defendant has resided in the city and has continuously kept at his place of business greatly more merchandise of different kinds than was necessary to pay off and discharge the obligation in suit; that defendant has at all times kept and now has such merchandise kept, and set apart, and ready for plaintiff to take the same, but that plaintiff has failed to take the same, except to the extent mentioned in the petition, and has failed to demand the same, and that defendant tenders to plaintiff such merchandise in full payment and discharge of the obligation. It is doubtless time, as asserted by counsel for plaintiff, that when a note for a certain sum is payable at a certain time, but to be discharged in specific articles, then, if the payor makes default as to the payment of such articles, within the time limited, the obligation becomes one payable in money alone. But the pertinent inquiry at once occurs: Has the defendant made default in any particular whatever? The gist of the contract evidently is, that the debt evidenced by the note, is payable in merchandise, not at any particular time, but at any time dur-

ing the course of the year, and though there is conflict of
authority, on the point, the better, and confessedly the
more rational doctrine appears to be that the place of pay-
ment was, in the present instance, at the store of the
debtor, (1 Pars. Cont. p. 536,) and, it is to be observed
that the contract is not for the payment in specific articles,
but the note is " payable in merchandise to be taken dur-
ing the year." This language evidently constituted the
plaintiff the actor. It clearly devolved upon him to take,
select or choose what articles of merchandise he desired.
The defendant was powerless; all he could do, was to
have at his store, miscellaneous merchandise in sufficient
quantity ready for delivery, when the plaintiff made his
selection. And this, the answer confessed to be true, av-
ers the defendant did do ; and this was all that could pos-
sibly be required at his hands. It is idle to speak of de-
fendant's duty to have " tendered the goods." What goods
should he have tendered ? If the contract had been made
payable in a particular class of goods, authorities might
perhaps be found giving color to the assertion that a ten-
der was necessary, in order to conform to the obligation
assumed. But surely none can be found giving utterance
to the doctrine that a payor must, at his peril, make a ten-
der of articles, which neither the contract nor the action
of the payee has sufficed to designate. Mr. Parsons says:
If the contract be merely that the creditor may have
them, (*i. e.* the goods,) with no words or acts that they
were to be carried to him, it should be enough if they are
ready for him when he comes for them. (1 Pars. Cont.
535.) This language indicates the true rule, although not
used respecting words so plainly expressive of the inten-
tion of the parties, as those in the contract before us. Ow-
ing to the very terms of the contract, any tender during
the year was as unnecessary, as it was in the nature of things
impossible. The readiness of the payor at his place of
business, whenever called upon by the payee, to comply
with and perform the contract, must prevent any default

being attributable to the former, and likewise any advantage from being obtained by the latter in consequence of his failure to call for the merchandise during the year. Holding the answer sufficient, we reverse the judgment and remand the cause. All concur.

REVERSED.